cal_____

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually, and on behalf of the Estate of PHYLLIS HOFFMAN,<br><br>          Plaintiffs,<br>v.<br><br>AMERICAN SOCIETY FOR TECNNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC., et. al.,<br><br>          Defendants. | Civil No. 09cv2482 AJB (CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO SUBSTITUTE ATTORNEY**<br><br>[Doc. Nos. 13, 24 and 25] |

Defendants' AMERICAN SOCIETY FOR TECHNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC. also known as AMERICAN TECHNION SOCIETY (hereinafter "ATS") and RONNIE PALLAY filed a motion to dismiss, [Doc. No. 13], seeking dismissal of: (1) Plaintiff's third, forth, fifth and sixth causes of action, and (2) individually named Defendant RONNIE PALLAY as an improper defendant where Plaintiff seeks benefits under an ERISA plan. Within the motion to dismiss, the Defendants' also move to strike Plaintiff's claim for economic or punitive damages and Plaintiff's demand for jury trial. Based upon the parties moving papers and for the reasons stated below, the Defendants' motion to dismiss and motion to strike are hereby GRANTED.

The Plaintiffs also filed a motion to substitute attorney, [Doc. Nos. 24 and 25], which are hereby GRANTED for good cause shown.

///

### *Background*

Plaintiff commenced this action individually and on behalf of his deceased wife, Ms. Hoffman, seeking to recover life insurance benefits from any of the defendants and severance pay from ATS under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101. [Doc. No. 1.] On March 22, 2010, Defendants filed a motion to dismiss Plaintiff's complaint in part, as set forth above; on April 19, 2010, Plaintiff filed an opposition to Defendants' motion to dismiss, [Doc. No. 17], and on April 26, 2010, Defendants filed a reply.

### *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## *Discussion*

*1. Plaintiff's Third through Sixth Causes of Action*

Plaintiff's third cause of action for breach of fiduciary duty against defendants ATS and PALLAY relies on Defendants' duty to act as fiduciaries with respect to the ERISA plan, but fails to point to any specific ERISA section permitting Plaintiff to obtain relief. Even Plaintiff's Opposition to Defendants' Motion to Dismiss fails to cure this defect. [Doc. No. 17.]  Nevertheless, Plaintiff's claim for damages in the form of life insurance and severance payments pursuant to section 502(a)(1)(b) precludes Plaintiff from utilizing either ERISA section 502(a)(2) or 502(a)(3) to recast his arguments in the form of a breach of fiduciary duty even in the alternative.

First, Defendants point out that section 502(a)(2) allows a beneficiary of an ERISA plan to bring an action for damages against the plan's fiduciaries only if the damages "inure to the benefit of the plan and not to a single person's benefit." *See Massachusetts Mut. Life Ins. Co. V. Russell*, 473 U.S. 134 (1985). [Doc. No. 13-1.] Although the specific language in *Russell* applies to a defined contribution plan, and here there is no evidence that Plaintiff participated in a defined contribution plan, Plaintiffs' still cannot bypass the limitation against pursuing individual claims under section 502 (a)(2). *See Coriale v. Xerox Corp.*, 775 F. Supp. 2d 583 (W.D.N.Y. 2011). What Plaintiff seeks in essence is redress of Plaintiff's individual grievance against the plan's administrators in the form of restoring Plaintiff's plan benefits.

Second, Plaintiff cannot rely on section 502(a)(3) to bring a breach of fiduciary duty claim against Defendants, because what Plaintiffs ultimately seeks in the form of declaration, is in reality monetary compensation for Plaintiff's lost benefits. *See Phelan v. Wyoming Associated Builders*, 574 F.3d 1250, 1254 (10th Cir. 2009) (warning against disguising legal remedies in equitable clothing.). In addition, Plaintiff is not permitted to plead equitable remedies even in the alternative because, as several courts have determined, the Federal Rules of pleading are "irrelevant" here.[1]

---

[1] *See Jurgoran v. ITI Enterprises*, No. 03C4627, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004) ( "the existence of a claim for relief under section 502(a)(1)(B) means that relief under section 502(a)(3) is not available as a matter of law"); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999).

Plaintiff's fourth cause of action for interference with protected rights under the ERISA plan seeks to vindicate a right that is exclusively protected by ERISA section 510.[2] Section 510 prohibits the discharge of a plan participant "for the purpose of interfering with [her] attainment of any right . . . under the plan." 29 U.S.C. §1140. As the court in *Bullock v. Equitable Life Assur. Soc. of U.S.* explained, section 502(a) provides the exclusive enforcement mechanism for section 510 rights and, as such, preempts any state cause of action seeking such relief "no matter how awfully pled." 259 F. 3d 395 (5th Cir. 2001).

Plaintiff's fifth and sixth causes of action for fraud and negligent misrepresentation also fall within ERISA's broad statutory preemption provision. Section 514(a) provides that a state law that relates to employee benefit plans is preempted unless the ERISA savings clause applies. *See Pilot Life Ins. Co. V. Dedeaux*, 481 U.S. 41 (1987). Whether a particular state law claim is pre-empted by ERISA is a question of congressional intent. *Id* at 45. The Plaintiffs have not pointed to a distinct injury from Defendants' refusal to pay under the plan, which is fully redressed by the statutory scheme. *Farr v. U.S. West, Inc.*, 58 F.3d 1361 (9th Cir. 1995); *Serpa v. SBC Communications, Inc.*, 318 F. Supp. 2d 865 (N.D. Cal. 2004)

### *2. Individually Named Defendant Ronnie Pallay as an Improper Defendant Where Plaintiff Seeks Benefits under an ERISA Plan*

The Plaintiffs' have named Ronnie Pallay as a Defendant in the first and third through sixth causes of action in the Complaint. The Plaintiffs' first cause of action is brought pursuant to §1132(a)(1)(B), which only allows claims against the plan as an entity and is not enforceable against any other person unless liability against that person is established in their individual capacity. §1132(d)(2). *See Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985)(finding that a plaintiff may only assert a claim for disability benefits under §1132(a)(1)(B) against the ERISA plan as an entity; *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1976, 1981 (9th Cir. 2005). Since Ronnie Pallay is not the plan administrator or the plan fiduciary, Ronnie Pallay is not a proper party for the purposes of the Plaintiffs' first cause of action.

---

[2] *See Lawford v. New York Life Ins. Co.*, 739 F. Supp. 906 (S.D.N.Y. 1990) (Court held that any of the Plaintiff's claims that were associated with benefits-defeating motive were preempted by ERISA).

1 | Since this Court has dismissed Plaintiff's third though sixth causes of action as preempted by
2 | ERISA, the Defendants' motion to strike Ronnie Pallay as an improper defendant under Plaintiff's first
3 | and third though sixth causes of action is GRANTED on the same analysis.

### 3. Plaintiff's Claim for Economic or Punitive Damages

Plaintiffs seek economic damages and punitive damages in the fifth and sixth causes of action. (Comp., at ¶¶ 49, 50, 53 and Prayer ¶¶ 5 and 6.) These damages are not recoverable under ERISA. ERISA § 502(a) provides for the exclusive remedies to recover benefits due or to enforce or clarify rights under an ERISA plan, thereby preempting state law remedies. Under this provision, state law claims seeking relief available under ERISA are completely preempted because this provision provides the exclusive remedy for loss or denial of ERISA benefits. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-4 (1987); *Sokol v. Bernstein*, 803 F.2d 532, 538 (9th Cir. 1986). Based upon the foregoing, the Defendants' motion to strike Plaintiff's claim for economic and/or punitive damages in the fifth and sixth causes of action is hereby GRANTED.

### 4. Plaintiff's Demand for Jury Trial

ERISA does not provide for a jury trial and Ninth Circuit authority is clear on this point. *See Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Spinelli v. Gaughan*, 12 F.3d 853, 857-8 (9th Cir. 1993). Based upon the foregoing, the Defendants' motion to strike the Plaintiff's demand for jury trial is GRANTED.

### *Conclusion*

For the reasons set forth above, Defendants' motion to dismiss and motion to strike, [Doc. No. 13] are hereby GRANTED. The Plaintiffs' motion to substitute attorney, [Doc. Nos. 24 and 25], is GRANTED for good cause shown. If Plaintiffs wish to amend the dismissed claims, they must file a Second Amended Complaint within twenty (20) days of the date this Order.

IT IS SO ORDERED.

DATED: November 16, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge