FILED

2012 AUG 22  AM 8: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually, and on behalf of the Estate of PHYLLIS HOFFMAN,<br><br>                                          Plaintiff,<br><br>        vs.<br><br>AMERICAN SOCIETY FOR TECHNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC.; et al.,<br><br>                                          Defendants. | CASE NO. 09-CV-2482 BEN (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART THE FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 34] |

        Presently before the Court is a Motion to Dismiss in Part the First Amended Complaint filed by Defendants American Society for Technion-Israel Institute of Technology, Inc., aka American Technion Society aka American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance Benefit Plan.  (Doc. No. 34.)  For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

        Plaintiff Stanley Hoffman alleges that American Society for Technion-Israel Institute of Technology, Inc. ("ATS") had employed Plaintiff's late wife, Mrs. Phyllis Hoffman, from May 1, 1993 until November 17, 2007.  (FAC ¶ 5.) Plaintiff alleges that on November 17, 2007, Mrs. Hoffman became seriously ill and was placed on disability leave.  (FAC ¶ 15.)  According to the First Amended Complaint, ATS enrolled Mrs. Hoffman in the First Reliance Standard Life Insurance Company group insurance policy number GL02464 in November 2007, and the Metropolitan Life Insurance Company group insurance policy number TS05457475-G in January 2008, during which time Mrs. Hoffman was

1   out on disability.  (FAC ¶¶ 16, 17.)

2         On November 5, 2009, Plaintiff filed a lawsuit individually and on behalf of the estate of Mrs.

3   Hoffman, against ATS, Metropolitan Life, First Reliance, and Ronnie Pallay. (Doc. No. 1.) On March

4   22, 2010, ATS and Ronnie Pallay filed a motion to dismiss the complaint in part, which was granted.

5   (Doc. Nos. 13, 26.)  After the dismissal of third, fourth, fifth and sixth claims of the complaint,

6   Plaintiff filed a First Amended Complaint. (Doc. No. 27.) The First Amended Complaint alleges four

7   claims: (1) life insurance benefits under 29 U.S.C. § 1132(a)(1)(B); (2) denial of severance benefits

8   under 29 U.S.C. § 1132(a)(1)(B); (3) life insurance benefits under 29 U.S.C. § 1132(a)(3) (equitable

9   estoppel); (4) life insurance benefits under 29 U.S.C. § 1132(a)(3) (surcharge).

10        Presently before the Court is Defendants' motion to dismiss the third and fourth claims in the

11   First Amended Complaint.  Being fully briefed, the Court finds the motion suitable for determination

12   on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

13                                         **DISCUSSION**

14        Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual

15   allegations as true, the complaint fails to state a plausible claim for relief on its face.  FED. R. CIV. P.

16   12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.

17   662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer

18   possibility that a defendant has acted unlawfully").  Under this standard, dismissal is appropriate if the

19   complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal

20   evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which

21   relief may be granted.  *Twombly*, 550 U.S. at 556.

22        Defendants seek dismissal of Plaintiff's claims for life insurance benefits pled in the alternative

23   under § 1132(a)(3), where Plaintiff already has a claim for benefits under § 1132(a)(1)(B). The

24   Supreme Court in *Varity Corp. v. Howe* held that "where Congress elsewhere provided adequate relief

25   for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such

26   relief normally would not be appropriate."  516 U.S. 489, 515 (1996) (internal quotation marks

27   omitted).

28        Here, Plaintiff inappropriately seeks equitable relief under § 1132(a)(3), where Congress

1    provided adequate relief for Plaintiff's alleged injury under § 1132(a)(1)(B). Specifically, Plaintiff

2    brings a first claim for life insurance benefits under § 1132(a)(1)(B), as well as a third and fourth

3    claim, in the alternative, for the same life insurance benefits based on theories of equitable estoppel

4    and surcharge under § 1132(a)(3). The third and fourth claims, therefore, are barred by *Varity*.

5          First, Plaintiff argues that in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), the Supreme

6    Court allowed the plaintiff to plead in the alternative under both § 1132(a)(1)(B) and § 1132(1)(3)(B).

7    According to Plaintiff, if *Amara* had been brought to the Court's attention before it ruled on

8    Defendants' Motion to Dismiss the Original Complaint, the Court would have allowed Plaintiff to

9    bring claims under § 1132(a)(2) and § 1132(a)(3), as well as § 1132(a)(1)(B). In *Amara*, however, the

10   plaintiffs were allowed to seek relief under § 1132(a)(3) only because they had no cognizable claim

11   under § 1132(a)(1)(B). *Id.* at 1880-82; *see also Biglands v. Raytheon Emp. Sav. & Inv. Plan*, 801 F.

12   Supp. 2d 781, 786 (N.D. Ind. 2011) ("[T]he plaintiffs in *Amara* were allowed to proceed with their

13   claim under § 1132(a)(3) because they had no claim for relief under § 1132(a)(1)(B).").

14         Second, Plaintiff argues that the holding in *Varity* does not apply here because it is "unknown"

15   whether § 1132(a)(1)(B) provides adequate relief for Plaintiff's injury, because there is no

16   administrative record and no confirmed plan documents. (Opp. at 7.) However, Plaintiff has

17   possession of all documents that contain the terms of the plan at issue—the American Society for

18   Technion-Israel Institute of Technology, Inc.'s "Personnel Practices Code," First Reliance's group life

19   insurance policy number GL024764, the Certificate of Insurance for the First Reliance life insurance

20   policy, and the certificate of insurance for Metropolitan Life group life insurance policy TS05457475-

21   G. (FAC ¶ 4.) These documents taken together contain the terms of the ERISA plan at issue. As

22   Plaintiff acknowledges, "Plaintiff's allegations set forth [in the First Amended Complaint] regarding

23   the terms of the Plan are premised on the assumption that these three documents accurately reflect the

24   Plan terms." (*Id.* ¶ 7.) There is no written document entitled "Plan" or "Summary Plan Description."

25   Accordingly, Plaintiff's third and fourth claims are **DISMISSED**.

26   ///

27   ///

28

1

**CONCLUSION**

2          For the reasons stated above, Defendants' Motion to Dismiss in Part the First Amended

3  Complaint is **GRANTED**.  The third and fourth claims are **DISMISSED**.

4          **IT IS SO ORDERED**.

5

6  DATED: August 21, 2012

7                                                          HON. ROGER T. BENITEZ
                                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09CV2482