FILED

13 JAN -2 AM 9:32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually and on behalf of the Estate of Phyllis Hoffman,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR TECHNION-ISREAL INSTITUTE OF TECHNOLOGY INC., et al.,<br><br>Defendant. | CASE NO. 09cv2482-BEN (KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO MOFIDY SCHEDULING ORDER**<br><br>[Doc. No. 84] |

On December 19, 2012, plaintiff filed an Ex Parte Application for Modification of Pretrial Cut-Off Dates [Doc. No. 84], seeking a retroactive modification of the Scheduling Order in the form of an extension of the pretrial motion cut-off from November 30, 2012 to December 7, 2012. Despite the November 30, 2012 deadline, plaintiff filed a December 7, 2012 Motion for Summary Judgment. [Doc. No. 75] On December 18, 2012, District Judge Benitez granted Defendant ATS's Ex Parte Application to Strike or Dismiss Plaintiff's Motion for Summary Judgment and denied as untimely Plaintiff's Motion for Summary Judgment. [Doc. No. 83] In his Order, Judge Benitez stated, "Plaintiff must request the Scheduling Order be modified before filing a pretrial motion after the deadline established in the Scheduling Order." [Doc. No. 83] In response to Judge Benitez's Order, plaintiff filed its *ex parte* Application [Doc. No. 84], which defendants opposed. [Doc. Nos. 85, 86, 87]

For the reasons stated below, the Court **DENIES** plaintiff's *ex parte* Application, finding

plaintiff offers no good cause for modifying the schedule.

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Scheduling Orders are issued pursuant to Federal Rule of Civil Procedure 16(b) to limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed.R.Civ.P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citation and quotation marks omitted).

In this case, a Case Management Conference was held on March 21, 2012. At the time the Court executed its April 11, 2012 Scheduling Order, the Court considered the complexity of the issues presented at the Case Management Conference. [Doc. No. 52] Here, plaintiff claims that despite reasonable diligence it could not comply with the November 30, 2012 pretrial motion cut-off established in the April 11, 2012 Scheduling Order. Plaintiff's claim is not supported by facts. Not only has plaintiff known about the November 30, 2012 cut-off for over six months, plaintiff waited until <u>after</u> the deadline passed (and after filing a motion rejected as untimely) to seek modification of the underlying Scheduling Order. This is not diligence. Further, prejudice to the opposing party "might supply additional reasons" to deny modification of a Scheduling Order. *Id.* To grant plantiff's *ex parte* and *ex post facto* extension, while holding defendants to the original deadline, would prejudice defendants and risk punishing their adherence to the Scheduling Order.

Accordingly, and for the reasons stated above, plaintiff's Ex Parte Application for Modification of Pretrial Cut-Off Dates [Doc. No. 84] is **DENIED**.

**IT IS SO ORDERED.**

DATE: December 28, 2012

KAREN S. CRAWFORD
United States Magistrate Judge