

FILED

MAR 2 7 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually, and on behalf of the Estate of PHYLLIS HOFFMAN,<br><br>                                    Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR TECHNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC.; et al.,<br><br>                                    Defendants. | CASE NO. 09-CV-2482 BEN (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PARTIAL SUMMARY JUDGMENT** [Docket No. 103]<br><br>**(2) DISMISSING REMAINING CLAIM FOR LACK OF JURISDICTION** |

Presently before the Court is Plaintiff's Motion for Reconsideration of Order Granting Partial Summary Judgment. (Docket No. 103.) For the reasons stated below, the Motion is **DENIED**. In addition, the remaining claim is **DISMISSED** for lack of jurisdiction.

## BACKGROUND

The facts of this case are laid out in the Order (1) Granting Defendants' Motion for Partial Summary Judgment Re: Severance Benefits and (2) Denying Plaintiff's Cross-Motion for Partial Summary Judgment Re: Severance Benefits. (Docket No. 96.)

On November 5, 2009, Plaintiff filed suit individually and on behalf of the estate

of his late wife, Ms. Phyllis Hoffman. (Docket No. 1.) The First Amended Complaint (the operative complaint) names American Society for Technion-Israel Institute of Technology, Inc. ("ATS"), Metropolitan Life Insurance Company, First Reliance Standard Life Insurance Company, and the American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance Benefit Plan[1] ("ATS Group Life Insurance Benefit Plan") as defendants. (Docket No. 27.)   The First Amended Complaint alleges four claims: (1) life insurance benefits under 29 U.S.C. § 1132(a)(1)(B); (2) denial of severance benefits under 29 U.S.C. § 1132(a)(1)(B); (3) life insurance benefits under 29 U.S.C. § 1132(a)(3) (equitable estoppel); and (4) life insurance benefits under 29 U.S.C. § 1132(a)(3) (surcharge). (*Id.*)

On August 21, 2012, the third and fourth claims were dismissed. (Docket No. 55.) On December 7, 2012, Plaintiff filed a Motion for Summary Judgment Against All Defendants on the Issue of Life Insurance Benefits. (Docket No. 75.) However, the Court denied this motion as untimely because Plaintiff did not request modification of the Scheduling Order Regulating Discovery and Other Pretrial Proceedings. (Docket No. 83.)   On January 24, 2013, the Court granted ATS and the ATS Group Life Insurance Benefit Plan's Motion for Partial Summary Judgment Re: Severance Benefits and denied Plaintiff's Cross-Motion for Partial Summary Judgment Re: Severance Benefits. (Docket No. 96.) On February 12, 2013, the Court granted First Reliance Standard Life Insurance Company's Motion for Summary Judgment Re: Life Insurance Benefits. (Docket No. 100.)   On February 21, 2013, the Court granted Metropolitan Life Insurance Company's Motion for Summary Judgment Re: Life Insurance Benefits. (Docket No. 102.)   There is now one outstanding claim: the claim for life insurance benefits against ATS and ATS Group Life Insurance Benefit Plan.

Presently before the Court is Plaintiff's Motion for Reconsideration of Order Granting Partial Summary Judgment. (Docket No. 103.) Being fully briefed, the Court

---

[1] The American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance Benefit Plan was erroneously named as the American Technion Society Employee Benefit Plan in the First Amended Complaint.

1  finds the Motion suitable for determination on the papers without oral argument,
2  pursuant to Civil Local Rule 7.1.d.1.

3                                    **DISCUSSION**

4  **I.      MOTION FOR RECONSIDERATION**

5        Plaintiff seeks reconsideration of the Order (1) Granting Defendants' Motion for
6  Partial Summary Judgment Re: Severance Benefits and (2) Denying Plaintiff's Cross-
7  Motion for Partial Summary Judgment Re: Severance Benefits (Docket No. 96), in
8  which the Court granted summary judgment in favor of ATS and ATS Group Life
9  Insurance Benefit Plan on the second claim, which challenged the Plan Administrator's
10 decision to deny Ms. Hoffman severance benefits under 29 U.S.C. § 1132(a)(1)(B).
11 This Court found that Ms. Hoffman was ineligible for severance benefits because her
12 decision to leave full-time employment due to health difficulties was a "voluntary
13 resignation."

14       Under Federal Rule of Civil Procedure 54, "any order . . . that adjudicates fewer
15 than all the claims or the rights and liabilities of fewer than all the parties . . . may be
16 revised at any time before the entry of a judgment adjudicating all the claims and all
17 the parties' rights and liabilities." FED. R. CIV. P. 54(b).  Under Local Rule 7.1(i)(1),
18 a party may apply for reconsideration of an order "[w]henever any motion or any
19 application or petition for any order or other relief has been made to any judge and has
20 been refused in whole or in part." S.D. CAL. CIV. L.R. 7.1(i).  The moving party must
21 provide the court with an affidavit setting forth "what new or different facts and
22 circumstances are claimed to exist which did not exist, or were not shown." *Id.*  Courts
23 will generally reconsider a decision if a party can show: (1) new evidence; (2) new law;
24 or (3) clear error in the court's prior decision. *Sch. Dist. No. 1J, Multnomah Cnty. v.*
25 *ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  The decision on a motion for
26 reconsideration lies in the court's sound discretion. *Navajo Nation v. Confederated*
27 *Tribes of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

28       Plaintiff's Motion for Reconsideration does not comply with Rule 7.1(i)(1).

Plaintiff did not submit an affidavit or certified statement with the Motion. In addition, Plaintiff has not presented new facts or circumstances not presented in Plaintiff's Summary Judgment papers.   Moreover, the Motion presents many of the same arguments and citations previously rejected by the Court.   "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *Devinsky v. Kingsford*, No. 05 Civ 2064, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008).   A court need not consider a motion for reconsideration relying on arguments previously made and ruled on. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Plaintiff argues that he has discovered a recent case, *Stephan v. Unum Life Insurance Company of America*, 697 F.3d 917 (9th Cir. 2012).   However, *Stephen* was filed on September 12, 2012, two months before Plaintiff filed the Cross-Motion for Partial Summary Judgment Re: Severance Benefits on November 16, 2012.   It is not new law.

Even considered on the merits, Plaintiff's argument fails. *Stephan* concerned an insurer's failure to include the claimant's bonus in his pre-disability earnings when calculating disability benefits, reviewed under an abuse of discretion standard. *Id.* at 922-24.   In interpreting an offer letter, the court found that Stephan was guaranteed a bonus on the condition that he "perform at the level both he and [his employer] anticipated and that Stephan not voluntarily terminate his employment or be terminated for cause prior to the relevant payment dates." *Id.* at 936 (alterations omitted).   In reviewing the insurer's interpretation of the offer letter, the court commented, "Stephan was certainly not 'terminated for cause.' Nor is it sensible to understand his inability to work due to disability as a voluntary termination of employment." *Id.* The court does not discuss the meaning of "voluntary termination" further.

*Stephan* can be distinguished from the present case. First, the court in *Stephan* reviewed the insurer's decision under an abuse of discretion standard, while this Court

1  interpreted the Plan at issue here under a *de novo* standard.  Second, the court in
2  *Stephan* reviewed an offer letter, while this Court reviewed an ERISA plan.  In
3  addition, this Court's interpretation of the Plan, reviewed under a *de novo* standard,
4  takes into consideration the particular context and terms of the Plan at issue here.

5      Accordingly, Plaintiff's Motion for Reconsideration of Order Granting Partial
6  Summary Judgment is **DENIED**.

7  **II.   JURISDICTION OVER REMAINING CLAIM**

8      There is one claim remaining in this action: the claim for life insurance benefits
9  against ATS and ATS Group Life Insurance Benefit Plan.

10      During the March 11, 2013 Status Conference, the parties conveyed to the Court
11  that Plaintiff filed a claim for life insurance benefits with Metropolitan Life Insurance
12  Company on February 25, 2013.  Metropolitan Life Insurance Company has 90 days
13  to respond to this claim.  The parties have agreed that if Metropolitan Life Insurance
14  Company pays Plaintiff life insurance benefits, this case will be resolved.

15      Because Metropolitan Life Insurance Company has not yet decided whether to
16  grant Plaintiff's claim, this case is not yet ripe for adjudication.  Accordingly, the
17  remaining claim is **DISMISSED** for lack of jurisdiction.  Plaintiff may move to re-open
18  this action if the remaining claim ripens for review.

19                           **CONCLUSION**

20      For the reasons stated above, Plaintiff's Motion for Reconsideration of Order
21  Granting Partial Summary Judgment is **DENIED**.

22      In addition, the remaining claim is **DISMISSED** for lack of jurisdiction, because
23  it is not ripe for review.  The Clerk of Court shall close the file.  Plaintiff may move
24  to re-open this action if the remaining claim ripens for review.

25  **IT IS SO ORDERED**.

26

27  DATED: March 16, 2013

28                                      HON. ROGER T. BENITEZ
                                        United States District Judge