FILED
2013 JUL 23 PM 2:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually, and on behalf of the Estate of PHYLLIS HOFFMAN,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR TECHNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC.; et al.,<br><br>Defendants. | CASE NO. 09-CV-2482 BEN (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE MOTION TO RE-OPEN CASE**<br><br>**(2) SETTING BRIEFING SCHEDULE**<br><br>[Docket No. 119] |

Presently before the Court is Plaintiff's Ex Parte Motion to Re-open Case. (Docket No. 119.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

The facts and procedural history of this case are familiar to the Court and parties. In the March 26, 2013 Order, the Court found that the one remaining claim in this action, the claim for life insurance benefits against American Society for Technion-Israel Institute of Technology, Inc. ("ATS") and American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance Benefit Plan ("ATS Group Life Insurance Benefit Plan"), was not yet ripe for review. Plaintiff had submitted a claim for life insurance benefits with Metropolitan Life Insurance Company ("MetLife") on

February 25, 2013. At that time, MetLife had not decided whether to grant Plaintiff's claim. If MetLife paid the claim, it would have made Plaintiff's claim against ATS and ATS Group Life Insurance Benefit Plan for the same benefits moot. The Court dismissed the remaining claim against ATS and ATS Group Life Insurance Benefit Plan for lack of jurisdiction. The Court also granted Plaintiff leave to move to re-open this action if the remaining claim ripened for review.

On February 25, 2013, Plaintiff submitted a two-page claim form to MetLife seeking benefits under the Plan, along with a copy of his wife's death certificate. (*See* Hazlehurst Decl., Exh. A.) Plaintiff did not submit any additional documents in support of his claim. On June 7, 2013, Mr. James Hazlehurst on behalf of MetLife emailed Plaintiff's counsel and notified her that Plaintiff would need to submit more information before MetLife could make a determination on Plaintiff's claim. (*Id.* ¶ 2.) MetLife has not yet made a determination on the merits of Plaintiff's claim.

Presently before this Court is Plaintiff's Motion to Re-open Case.

## DISCUSSION

Plaintiff argues that because 90 days have passed since MetLife's receipt of his claim and MetLife has not yet made a determination on his claim, Plaintiff is deemed to have exhausted his administrative remedies. MetLife argues that it cannot fully review and make a determination on Plaintiff's claim until the proper information has been submitted, in accordance with the Plan documents' instructions on how to submit a claim for life insurance benefits.

Under the Code of Federal Regulations governing the procedures for handling claims under the Employee Retirement Income Security Act of 1974,

> [I]f a claim is wholly or partially denied, the plan administrator shall notify the claimant . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan, unless the plan administrator determines that special circumstances require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 90-day period.

29 C.F.R. § 2560.503-1(f)(1). In regards to calculating time periods, "the period of time within which a benefit determination is required to be made shall begin at the time a claim is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination accompanies the filing." 29 C.F.R. § 2560.503-1(f)(4).

Furthermore,

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act, on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).

Here, over 90 days have passed since Plaintiff submitted a two-page claim form to MetLife seeking benefits under the Plan, along with a copy of his wife's death certificate. However, the Court does not have enough information before it to determine whether the claim form and death certificate qualify as a claim that was filed in accordance with the reasonable procedures of the Plan and therefore began the period of time within which MetLife was required to make a claim determination. *See* 29 C.F.R. § 2560.503-1(f)(4) ("[T]he period of time within which a benefit determination is required to be made shall begin at the time a claim is filed in accordance with the reasonable procedures of a plan."). For instance, the parties do not address in detail: (1) the relevant provisions of the Plan that govern what information should be submitted with a claim for life insurance benefits; and (2) what information, if any, was missing from Plaintiff's purported claim.

Plaintiff argues that MetLife possesses enough information to make a determination on his purported claim because the administrative record before MetLife consists of all "material available" to MetLife, which would include the documents filed in this lawsuit. In support of this proposition, Plaintiff cites *Jett v. Blue Cross &*

- 3 -

09-CV-2482

*Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989), and *Albanese v. Plumbers & Pipefitter Nat'l Pension Fund*, No. 06-CV-1357, 2008 U.S. Dist. LEXIS 25787, at *8 (Dist. Nev. Mar. 31, 2008).

*Jett* and *Albanese* are inopposite. Both cases stand for the proposition that when a district court reviews an ERISA benefit determination, it should limit its review to the administrative record before the benefit plan. *See Jett*, 890 F.2d at 1140 ("On remand, the district court should limit its review to consideration of the material available to Blue Cross at the time it made its decision."); *Albanese*, 2008 U.S. Dist. LEXIS 25787, at *8 ("When reviewing an ERISA benefit determination, the function of the district court is to determine if the benefit plan had a reasonable basis for the dispute[d] decision based upon the facts known to the benefit plan at the time the decision was made. Additional facts outside of the administrative record may not be considered." (citation omitted).) *Jett* and *Albanese* do not stand for the proposition that the administrative record before MetLife consists of all "material available" to MetLife. Plaintiff cannot rely on pleadings filed in a lawsuit to give MetLife constructive notice of the theories and documents upon which the claim is based.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Re-open Case is **DENIED**. Plaintiff may file a supplemental brief addressing whether the claim form and death certificate qualify as a claim that was filed in accordance with the reasonable procedures of the Plan by **August 19, 2013**. Defendants may file a supplemental brief in response by **September 9, 2013**. Plaintiff may file a supplemental brief in reply by **September 23, 2013**.

**IT IS SO ORDERED.**

DATED: July 23, 2013

HON. ROGER T. BENITEZ
United States District Judge