FILED

'14 JUN 17 PM 4:13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DS DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOFFMAN, Individually, and on behalf of the Estate of PHYLLIS HOFFMAN,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR TECHNION-ISRAEL INSTITUTE OF TECHNOLOGY, INC.; et al.,<br><br>Defendants. | CASE NO. 09-CV-2482 BEN (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[Docket No. 132] |

Presently before the Court is Stanley Hoffman's Motion for Attorneys' Fees. (Docket No. 132.) For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

In 1991, Phyllis Hoffman, Plaintiff Stanley Hoffman's late wife, began work for American Society for Technion-Israel Institute of Technology, Inc. ("ATS") as the Director of the San Diego Chapter. In and before 2007, ATS offered its full-time employees life insurance coverage through an employee welfare benefit plan administered by First Reliance Standard Life Insurance Company. During 2007, ATS switched insurance carriers to Defendant Metropolitan Life Insurance Company ("MetLife"). On January 1, 2008, MetLife issued a group insurance policy to ATS to

fund the ATS Basic Term Life Insurance and Accidental Death & Dismemberment Insurance Plan (the "Plan").

In September 2008, Ms. Hoffman was diagnosed with terminal cancer. Under the Plan, a life insurance premium waiver based on long-term disability is available to claimants with disabilities occurring before age 60. (Aceto Decl., Exh. A, at MET-HOF 6.) Ms. Hoffman submitted a claim to MetLife for waiver of life insurance premiums based on total disability on November 26, 2008. (*Id.* at MET-HOF 7-11.) Ms. Hoffman further submitted a check to MetLife from ATS in the amount of $717.30, representing nine months' worth of insurance premiums for Ms. Hoffman beginning March 1, 2008. (*Id.* at MET-HOF 19.) On November 24, 2008, MetLife denied Ms. Hoffman's premium waiver, stating she was not eligible because she was 67-years-old when she allegedly became totally disabled. (Aceto Decl., Exh. A, at MET-HOF 6.) MetLife further sent a letter through Ms. Hoffman's attorney stating Ms. Hoffman's premium waiver claim was denied due to the Plan's age limit provision. Ms. Hoffman passed away on February 26, 2009. (*Id.* at MET-HOF 144.)

Plaintiff filed suit on November 5, 2009 individually and on behalf of the estate of Ms. Hoffman. (Docket No. 1.) The First Amended Complaint names ATS, MetLife, First Reliance Standard Life Insurance Company, and the American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance and Benefit Plan[1] as defendants. The First Amended Complaint alleges four claims: 1) life insurance benefits under 29 U.S.C. § 1132(a)(1)(B); 2) denial of severance benefits under 29 U.S.C. § 1132(a)(1)(B); 3) life insurance benefits under 29 U.S.C. § 1132(a)(3) (equitable estoppel); and 4) life insurance benefits under 29 U.S.C. § 1132(a)(3) (surcharge). (*Id.*) On August 21, 2012, the third and fourth claims were dismissed. (Docket No. 55.)

On November 19, 2012, Defendant moved for summary judgment on the life

---

[1] The American Society for Technion-Israel Institute of Technology, Inc. Group Life Insurance Benefit Plan was erroneously named as the American Technion Society Employee Benefit Plan in the First Amended Complaint.

insurance benefit claim on the grounds that Plaintiff had failed to exhaust all administrative remedies. (Docket No. 66.) On February 21, 2013, this Court granted Defendant's Motion for Summary Judgment, deciding that Plaintiff had not exhausted his administrative remedies, as Plaintiff failed to file a formal claim for life insurance benefits with Defendant prior to litigation. (Docket No. 102.) Plaintiff filed a claim for life insurance benefits on February 25, 2013 (after MetLife prevailed on summary judgment). (Docket No. 118.) Defendant then paid Plaintiff the policy benefits sought on or about November 18, 2013.

Plaintiff alleges this lawsuit acted as a "catalyst" for Defendant's decision to pay Plaintiff the policy benefits sought. Plaintiff argues that the subsequent payment of life insurance benefits indicates "success on the merits" of this lawsuit and entitles Plaintiff to attorneys' fees. Further, Plaintiff states that Defendant identified no new facts that compelled its payment of benefits and reasons that Defendant paid the benefits due to the lawsuit.

## II. DISCUSSION

**A. Plaintiff Did Not Achieve "Some Degree of Success on the Merits"**

ERISA provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court understands this provision to permit a fee award for either party in an ERISA action, as long as that party achieved "some degree of success on the merits." *Hardt v. Reliance Std. Life Ins.Co.*, 560 U.S. 242, 254 (2010). A party need not be a "prevailing party" to be eligible for an attorney's fees award under § 1132(g)(1). *Id.* at 252. In *Hardt*, the plaintiff brought a case against the insurer and the district court remanded the case, instructing the insurer to give a fair review of the plaintiff's claim. The district court determined that the plaintiff had achieved "some success" on the merits when the Court remanded the case back to the insurer for further review.

In this case, the Court did not remand Plaintiff's case back to the insurer for

review. Rather, this Court determined that Plaintiff had not presented a formal claim to Defendant. Instead, the Court granted Defendant's Motion for Summary Judgment, explaining that Plaintiff had failed to exhaust all administrative remedies by failing to file a formal claim with Defendant initially.

In one similar case, the payment of policy benefits following a court order to provide an insurer with necessary and required documents was not considered "some success on the merits." In *King v. Aetna Life Ins. Co.*, No. CV09-9088, 2011 WL 2682102, at *3 (C.D. Ca. July 7, 2011) the plaintiff failed to provide necessary documents prior to initiating litigation against defendant. The district court then ordered the plaintiff to produce the required documents to the defendant so the defendant could determine the eligibility of coverage. *Id.* at *4. After plaintiff produced the documents, the defendant paid the plaintiff the benefits sought. *Id.* When the plaintiff filed a motion for attorneys' fees, the court found the plaintiff was not entitled to attorneys' fees under the *Hardt* standard, as no significant legal question had been at issue or was decided by the court. *Id.* at *5. Further, the court determined that the plaintiff had needlessly prolonged the litigation. *Id.* In the case at hand, the Court similarly made no legal decisions as to whether or not Plaintiff was entitled to coverage by Defendant. Instead, this Court ruled that Plaintiff had failed to exhaust all administrative remedies and granted Defendant's Motion for Summary Judgment. (Docket No. 102.)

In another similar case, a voluntary dismissal of a complaint in order for a plaintiff to exhaust all administrative remedies before litigation was not considered "a success on the merits." *Binaley v. AT&T Umbrella Benefit Plan*, No: 11-CV-04722-YGR, 2013 WL 5402236, at *6 (N.D. Cal. Sept. 26, 2013). In *Binaley*, the parties filed a Stipulation and Order for Voluntary Dismissal Without Prejudice in order for the plaintiff to pursue and exhaust all administrative remedies. *Id.* at *1. The court determined the dismissal of the complaint was procedural in nature and not "based on the merits," distinguishable from the "successful" remand in *Hardt*.

*Id.* at *5, 6. Similarly in this case, Defendant's Motion for Summary Judgment was granted so that Plaintiff could instead exhaust administrative remedies. (Docket No. 102.)

No decision as to Plaintiff's eligibility for coverage was made by this Court. This differs from the decision in *Flom v. Holly Corp.*, 276 Fed. App'x 615 (9th Cir. 2008) where the district court granted the plaintiff's motion for attorneys' fees. In *Flom*, decided prior to *Hardt*, the district court remanded the plaintiff's claim against the defendant, prompting the defendant to subsequently reinstate the plaintiff's benefits. *Id.* at 616. The court decided that remanding the case for review allowed the plaintiff to achieve "some relief" that entitled the plaintiff to attorneys' fees. In the present case however, Plaintiff's complaint was not remanded. Instead, Defendant's Motion for Summary Judgment was granted on the grounds that Plaintiff failed to exhaust all administrative remedies prior to litigation. (Docket No. 102.)

Most analogous to the case at hand is the persuasive decision in *Templin v. Independence Blue Cross*, No. 09-4092, 2011 WL 3664427 (E.D. Pa. Aug. 19, 2011). In *Templin*, a plaintiff filed a claim against the insurer for failing to provide benefits. *Id.* at *1. The court dismissed the complaint because the plaintiff had failed to exhaust administrative remedies. *Id.* at *2. Once the plaintiff filed a claim with the insurance company, the company paid the policy benefits sought. *Id.* When the plaintiff sought attorneys' fees, the district court denied the plaintiff's motion for attorneys' fees as untimely. *Id.* at 3. However, the court noted that had the plaintiff's motion been timely and had the court considered it on its merits, the court would have still denied it. *Id.* The court explained that

> [H]ad Plaintiffs fully engaged in the administrative review process prior to filing suit in federal court, they would have received that which they sought in the Complaint, avoiding the necessity of judicial intervention and those attorney's fees and costs associated with it. To award attorney's fees in this situation would contravene ERISA policy and the requirement that Plaintiffs exhaust their administrative remedies before seeking judicial review.

*Id.* at *6. This reasoning applies directly here. Plaintiff similarly achieved no

- 5 -

09cv2482

degree of success on the merits.

## B. Defendant Was Not Under a Cloud of Litigation

Plaintiff in this case failed to file a formal claim with Defendant prior to the initiation of litigation. Instead, Plaintiff filed his claim with Defendant <u>after</u> Defendant succeeded on its Motion for Summary Judgment. Therefore, Defendant was not "under a cloud of litigation" when it paid policy benefits, distinguishing this case from the award of attorneys' fees in *Bryant v. CIGNA Healthcare of Cal., Inc.*, 540 Fed. App'x 694 (9th Cir. 2013). In fact, had Defendant moved for attorney's fees, it could have argued its own success on the merits.

## C. This Court Declines to Exercise Its Discretion Under the *Hummel* Factors

Lastly, if a district court determines that a litigant has achieved "some degree of success on the merits," district courts "must consider the *Hummel* factors [. . .]" because district courts should "have guidelines to apply in the exercise of their discretion under § 1132(g)." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010) (quoting *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). These factors include: (1) the degree of the opposing parties' bad faith or culpability; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties will deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, and; (5) the relative merits of the parties' positions. *Hummel,* 634 F.2d at 453. Because Plaintiff in this case failed to achieve any degree of success on the merits, the Court declines to exercise its discretion to award fees.

## III. CONCLUSION

Plaintiff did not achieve any degree of success on the merits of this lawsuit. Rather, Plaintiff failed to exhaust administrative remedies. The Court granted Defendant's Motion for Summary Judgment and did not consider the merits of Plaintiff's case. Although Plaintiff ultimately received insurance policy benefits through the administrative process, the Court did not award these benefits nor did the Court favorably decide any legal issue relating to the Plaintiff's eligibility or receive these benefits. Therefore, Plaintiff's Motion for Attorney Fees is hereby, **DENIED**.

**IT IS SO ORDERED.**

DATED: June __, 2014

HON. ROGER T. BENITEZ
United States District Court Judge

- 7 -

09cv2482